## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **P.B., N.B., and A.B.**

**No. 18-0398** (Hampshire County 17-JA-30, 31, and 32)


## MEMORANDUM DECISION

Petitioner Father C.B., by counsel Jeremy B. Cooper, appeals the Circuit Court of Hampshire County's March 8, 2018, order terminating his parental rights to P.B., N.B., and A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce E. Stewart, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, the DHHR filed a child abuse and neglect petition against the parents. Specifically, the DHHR alleged that the parents engaged in a domestic violence incident in which petitioner punched the mother in the face in the presence of the children. The mother then fled the home and requested assistance at the home of a neighbor. Petitioner went to the neighbor's home to retrieve the mother and punched the neighbor when he prevented petitioner from entering the home, knocking his teeth out. Upon arriving at the home, law enforcement officers found the mother passed out due to intoxication, visibly injured. Petitioner was arrested at that time and eventually pled guilty to domestic battery and battery. Petitioner's home was observed to be in poor condition with no furniture or running water and the children were dirty, the youngest child having a severe diaper rash. Child Protective Services ("CPS") removed the children from the home and discovered that the two older children, then ages seven and five, were unable to communicate. It was later determined that P.B. was deaf and had no knowledge of sign language, and N.B. was autistic and nonverbal. Petitioner waived his preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The DHHR filed an amended petition in September of 2017, alleging medical neglect based upon the parents' failure to provide medical and dental care to the children. According to the petition, N.B. had not received immunizations since 2012 and had severe dental issues which required surgery and six teeth to be pulled. A.B. was anemic and required surgery for a hernia. P.B. was diagnosed with malnutrition, had several cavities, and had his last immunizations prior to 2011.

The adjudicatory hearing was held over several days from August of 2017 through November of 2017. Petitioner stipulated to abusing and neglecting his children; however, the DHHR requested and was granted the opportunity to submit evidence regarding the chronic nature of the abuse and neglect, to which petitioner did not stipulate. Petitioner then testified that he did not believe the children were abused, but conceded that they might have been neglected. He denied that the children were medically neglected, stating that he took them to dentists and doctors, despite evidence to the contrary. Petitioner admitted that he lied during his psychological evaluation to avoid incriminating himself in his criminal case, but insisted that he would comply with services if they were offered.

After hearing testimony, the circuit court found that the parents neglected P.B.'s education and thwarted the efforts of his educators to assist with his care and education, including failing to enroll the child in the West Virginia School for the Deaf for a period of approximately one month. The circuit court found that the parents exhibited a history of domestic violence in the presence of the children, which the mother attempted to minimize. Further, the circuit court determined that petitioner had unresolved anger issues and frequently interrupted the proceedings. The circuit court also found that the children were medically neglected. Despite stipulating to the allegations contained in the petition, petitioner denied any wrongdoing and tried to justify his behavior. As such, the circuit court concluded that petitioner chronically neglected and abused the children and adjudicated him as an abusing parent. Petitioner requested a post-adjudicatory improvement period, but the same was denied upon findings that he was not likely to fully participate with services.

The circuit court held a dispositional hearing in February of 2018. Petitioner advised that he would test positive for marijuana if tested. At the close of evidence, the parents requested a post-dispositional improvement period, which was denied. The circuit court found that petitioner accepted little responsibility for his conduct, minimized his involvement in the abuse, placed blame for his actions on other persons, lied during his psychological evaluation, failed to show insight into the conditions of abuse and/or neglect, and failed to resolve any of the conditions of abuse and/or neglect. He failed to seek stable housing and was living in a camper with the mother as of the date of the hearing. Petitioner consistently put his needs above the needs of his children. As such, the circuit court determined that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future and that the best interests of the children necessitated termination of parental rights. It is from the March 8, 2018,

2

order denying him a post-dispositional improvement period and terminating his parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period because he lied during his psychological evaluation. However, petitioner avers that the record demonstrates that he accepted responsibility for his actions, admitted that his children were neglected, maintained employment, and expressed a willingness to participate in whatever services were offered by the DHHR. He argues that the circuit court should have granted him an improvement period rather than terminate his parental rights. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, pursuant to West Virginia Code § 49-4-604(b)(7)(A), the DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that "[t]he parent has subjected the child . . . to aggravated circumstances which include, but are not limited to, . . . chronic abuse[.]"

---

[2]Both parents' parental rights were terminated below. The children were placed in a foster home with a permanency plan of adoption therein.

Here, petitioner failed to demonstrate that he was likely to fully participate in an improvement period. The evidence established that petitioner failed to acknowledge the conditions of abuse and neglect, and demonstrated no insight to how his children were affected by his actions. Despite stipulating to the allegations contained in the petition, petitioner testified at the adjudicatory hearing that he did not believe his children were abused. While he conceded they might have been neglected, he insisted that they were not medically neglected because he had taken them to dentists and doctors. However, two of the children underwent surgeries following their removal from petitioner's care, and the circuit court found that all three children were chronically neglected.

We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W.Va. at 217, 599 S.E.2d at 640 (2004)). The record demonstrates that petitioner failed to acknowledge the conditions of abuse and/or neglect and how his behavior negatively affected the children, thus rendering an improvement period futile. Moreover, due to the chronic nature of the abuse, the DHHR was not required to make reasonable efforts to preserve the family. Accordingly, we find no error in the circuit court's decision to deny petitioner an improvement period.

We also find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, evidence overwhelmingly demonstrates that there was no reasonable likelihood petitioner could correct the conditions of abuse and neglect in the near future. The DHHR worker testified at the dispositional hearing that petitioner did not request information about or voluntarily participate in any program or training designed to address the conditions of abuse. West Virginia

4

Code § 49-4-610(4) provides that the parent "shall be responsible for the initiation and completion of all terms of the improvement period." As such, petitioner's failure to initiate services meant that he did not participate in any services designed to reduce or prevent the conditions of abuse. Moreover, according to the DHHR, there were no services that would appropriately remedy the situation due to the chronic nature of the abuse. Further, contrary to petitioner's assertions, he did not accept responsibility for his actions and blamed others for his situation. At the time of the dispositional hearing, he continued to deny issues with domestic violence, admitted that he would test positive for marijuana, and failed to obtain suitable housing as he was living in a camper. Accordingly, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for the children's welfare. While petitioner argues that he should have first been granted an improvement period, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find that the circuit court did not err in terminating petitioner's parental rights.

For these reasons, we find no error in the decision of the circuit court, and its March 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating

5